**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

FREDERICK SHELDON JOHNSON,

Plaintiff,

v. Case No. 3:26-cv-2555-WWB-PDB

SECRETARY, DEPARTMENT OF CORRECTIONS, *et al.*,

Defendants.

---

**ORDER**

Plaintiff Frederick Sheldon Johnson, an inmate of the Florida Department of Corrections ("**FDOC**"), initiated this action by filing a pro se Civil Rights Complaint under 42 U.S.C. § 1983. (Doc. 1). Plaintiff alleges that in 2020, Nurse Ira Lee misdiagnosed him as HIV positive. (*Id.* at 5; Doc. 1-1 at 2–3). The mistaken diagnosis allegedly resulted from Nurse Lee's misreading of a "non-reactive" blood test. (Doc. 1-1 at 3). After the diagnosis, Plaintiff was prescribed Biktarvy, an HIV medication. (*Id.* at 2). Later, Plaintiff learned from medical staff that he was "not HIV positive and . . . should have never been prescribed the medication Biktarvy." (*Id.*). Based on these allegations, Plaintiff sues the FDOC Secretary and Nurse Lee in their official capacities, asserting that the misdiagnosis violated the Eighth Amendment's prohibition on cruel and unusual punishment. (Doc. 1 at 2–3). As relief, Plaintiff seeks $1 million in punitive damages. (*Id.* at 5).

The Prison Litigation Reform Act ("**PLRA**") requires the Court to dismiss a complaint that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915A(b)(1). The PLRA's "failure to state a claim" language mirrors the language of Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding pro se, but need not accept as true legal conclusions. *Id.*

The Complaint is subject to dismissal for the following reasons. First, Plaintiff cannot recover monetary damages from the FDOC Secretary in his official capacity. "Under the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court." *Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994); *see also Lewis v. Charlotte Corr. Inst. Emps.*, 589 F. App'x 950, 952 (11th Cir. 2014) ("[A] claim for damages against the FDOC officers fails because the state officials sued in their official capacities are immune from such relief."); *Urbanek v. Fla. Dep't of Corr.*, No. 5:20-cv-494, 2022 WL 499729, at *2 (M.D. Fla. Feb. 15, 2022)

("[T]o the extent [plaintiff] sues for damages against the FDOC Secretary in his official capacity, this claim is barred by the Eleventh Amendment."). As noted above, Plaintiff sues the FDOC Secretary in his official capacity and seeks only monetary damages. (Doc. 1 at 2, 5). Thus, the Eleventh Amendment bars Plaintiff's claim against the FDOC Secretary.

Second, Plaintiff fails to state a claim against Nurse Lee, an employee of "Centurion Medical Providers," a private medical contractor. (*Id.* at 2). Because Plaintiff sues Nurse Lee in his official capacity, the claim is functionally brought against Centurion. *See Adams v. Todd*, No. 23-10908, 2024 WL 4449453, at *4 (11th Cir. Oct. 9, 2024) (finding that plaintiff's "claims against [Centurion] nurses in their official capacities" were "functionally claims against Centurion"); *see also Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). To state a § 1983 claim against Centurion, Plaintiff must plead facts showing that "the alleged constitutional harm is the result of a custom or policy." *Brennan v. Headley*, 807 F. App'x 927, 937 (11th Cir. 2020). "A policy is a decision that is officially adopted by the [entity], or created by an official of such rank that he or she could be said to be acting on behalf of the [entity]." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997). "A custom is a practice that is so settled and permanent that it takes on the force of law." *Id.* Plaintiff alleges no facts showing that Centurion "advanced a policy or custom of deliberate indifference that led to the violation of [Plaintiff's] constitutional right." *Ireland v. Prummell*, 53 F.4th 1274, 1289 (11th Cir. 2022) (internal quotation marks omitted).

Third, Plaintiff's allegations are insufficient to state a plausible Eighth Amendment claim for deliberate indifference to serious medical needs. To plead such a claim, a plaintiff must allege facts showing "(1) that he had an objectively serious medical need, (2) that [the defendant] acted with subjective deliberate indifference to [that] serious medical need, and (3) that he suffered an injury . . . caused by [the defendant's] wrongful conduct." *Patel v. Lanier Cnty.*, 969 F.3d 1173, 1188 (11th Cir. 2020). "A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Taylor v. Hughes*, 920 F.3d 729, 733 (11th Cir. 2019). To establish deliberate indifference, a plaintiff "must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024). "Mere negligence or medical malpractice is not sufficient." *Mandel v. Doe*, 888 F.2d 783, 787–88 (11th Cir. 1989).

Plaintiff alleges that Nurse Lee misdiagnosed him as HIV positive, but he fails to plead facts showing that the misdiagnosis reflected "subjective recklessness as used in the criminal law." *Wade*, 106 F.4th at 1255. "[A] complaint that a [nurse] has been negligent in diagnosing . . . a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In other words, "mere misdiagnosis or subpar care, even if it rises to the level of medical malpractice, does not constitute deliberate indifference." *Mayhew v. Rubio*, No. 5:18-cv-379, 2020 WL 533932, at *3 (M.D. Fla. Feb. 3, 2020) (internal quotation marks omitted). Here, Plaintiff's allegation that Nurse Lee misdiagnosed him based on an erroneous reading of a blood test "involve[s] no more than medical negligence." *Matthews v. Palte*,

282 F. App'x 770, 771 (11th Cir. 2008) (affirming dismissal of Eighth Amendment claim based on allegation that plaintiff's psoriasis "was misdiagnosed as spider bites and mistreated with steroid creams"); *see also Davis v. Corizon Health, Inc.*, No. 14-cv-1490, 2015 WL 518263, at *6 (E.D. Pa. Feb. 9, 2015) (dismissing Eighth Amendment claim based on HIV misdiagnosis because plaintiff's allegations described "a prudent course of treatment based on a legitimate, although mistaken, concern that [plaintiff] was infected with a deadly and contagious disease"). Thus, Plaintiff fails to plausibly allege that Nurse Lee was "actually, subjectively aware that his own conduct caused a substantial risk of serious harm." *Wade*, 106 F.4th at 1262.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.
2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close the file.
3. If he wishes to pursue his allegations, Plaintiff may file a new complaint in a new case, including sufficient factual matter to state a claim against a proper defendant.

**DONE AND ORDERED** in Jacksonville, Florida, on September 29, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

TpaP-2

c:
Frederick Sheldon Johnson